**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KAY BERRY, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | **2:07-cv-649** |
| **v.** ) | |
| ) | |
| **JOHN KUHN, doing business as** ) | |
| **TOMIJON WHOLESALE and KAREN** ) | |
| **KUHN, individually and jointly  doing** ) | |
| **business as TOMIJON WHOLESALE also** ) | |
| **known as KAREN ANDREWS,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM ORDER**

Pending is a MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION filed by Defendant Karen Kuhn (Document No. 5).  In response, Plaintiff filed a RESPONSE TO DEFENDANT KAREN KUHN A/K/A KAREN ANDREWS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, AND IN THE ALTERNATIVE, MOTION FOR PERMISSION TO CONDUCT DISCOVERY LIMITED TO THE ISSUE OF JURISDICTION (Document No. 9).  The Court will grant the alternative relief sought by Plaintiff and permit targeted jurisdictional discovery.

The gravamen of the complaint is that Defendants sold products that infringed on Plaintiff's copyright.  Defendant John Kuhn ("Kuhn") d/b/a Tomijon Wholesale ("Tomijon") filed an answer.  Exhibits attached to an affidavit prepared by Kuhn demonstrate that at least two sales of infringing products were made in the Western District of Pennsylvania.

Plaintiff contends that Karen Kuhn a/k/a Karen Andrews ("Andrews") is an owner and/or operator of Tomijon.  Plaintiff has submitted exhibits from a website stating that Tomijon was

"represented by" Andrews.  John Kuhn states in his affidavit that he is a sole proprietor.  The affidavit of Karen Andrews (Document No. 7) represents that she has not conducted business activities in Pennsylvania.  However, neither Kuhn nor Andrews address in their affidavits the relationship (if any) between Andrews and Tomijon.

Materials presented by the Plaintiff to establish a prima facie showing of jurisdiction should be construed in the light most favorable to the Plaintiff.  *ISI Brands, Inc. v. KCC Intl., Inc.*, 458 F. Supp.2d 81, 84 (E.D.N.Y. 2006).  The Court concludes that this showing has been made.

Accordingly, the Plaintiff's MOTION FOR PERMISSION TO CONDUCT DISCOVERY LIMITED TO THE ISSUE OF JURISDICTION (Document No. 9) is **GRANTED** and the MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION filed by Defendant Andrews **(**Document No. 5) is **DENIED WITHOUT PREJUDICE.**  The parties shall have 45 days, until October 5, 2007, to complete jurisdictional discovery.  On or before October 15, 2007, Defendant Andrews shall file either a renewed motion to dismiss for lack of personal jurisdiction or a notice that she does not object to the exercise of jurisdiction by this Court.

SO ORDERED this 21st day of August, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:     William L. Stang, Esquire
        Email: wstang@foxrothschild.com

        J. Alexander Hershey
        Email: ahershey@thorpreed.com